I must respectfully dissent in part from the majority decision.
The uncontradicted medical evidence indicates plaintiff received from Drs. Bynum and Begovich `return to work' notes indicating plaintiff was capable of performing only left-handed work. He had not yet reached maximum medical improvement. Defendant-Employer had light duty work available within plaintiff's restrictions on an on-going basis when plaintiff voluntarily quit this job on September 18, 2002. He left and did not follow up with his supervisor. At this time there was not a doctor's note taking plaintiff out of work. Defendant-Employer had paid plaintiff full wages during the entire time period of the light-duty work. Since plaintiff had not yet reached maximum medical improvement, the majority's characterization of the light-duty program not constituting "real work that is available in the competitive job market" is misguided. There is no legal requirement that pre-maximum medical improvement work be available in the competitive job market. The only requirement is that it be within plaintiff's restrictions. Thus, plaintiff's benefits should have been suspended following his voluntary departure until he reached maximum medical improvement on March 21, 2003 (Dr. Begovich's note) or on April 17, 2003 (Dr. Bynum's note).
With regard to the sanction of ongoing attorney fees assessed against defendant-employer, contrary to the majority's view, there was a legitimate legal issue before the Deputy as to whether plaintiff was entitled to any benefits from the date he walked off the job within his restrictions on September 18, 2002 until the date he reached maximum medical improvement and thereafter. Thus, since the defense was reasonable, sanctions should not be considered at that point. However, when it became apparent at some point after plaintiff reached maximum medical improvement there were no jobs suitable and within plaintiff's restrictions available, defendant-employer should have reinstated temporary total disability compensation at this time. For this failure, defendants should be sanctioned as of January 28, 2005, the date of filing of the Deputy Commissioner's Opinion and Award, which determined and ruled on the amount of past and future compensation to which plaintiff is entitled.
While the determination of whether a defense is reasonable or unreasonable is within the discretion of the Deputy and while noting that plaintiff's counsel certainly provided valuable services, the awarding of a sanction by assessing attorney fees against defendant-employerindefinitely appears to the undersigned to be unreasonable, a necessary constraint of N.C. Gen. Stat. § 97-88.1. An end date on which the assessment would cease should have been designated, being perhaps the date on which defendant-employer restarted paying temporary total disability compensation to plaintiff.
Thus, I respectfully dissent and would reverse in part the decision of the deputy commissioner.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER